Case No. 21-1785

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

TIMOTHY KING, et al.

       Plaintiffs

       and,

L. LIN WOOD,

       Interested Party-Appellant

       v.

GRETCHEN WHITMER, JOCELYN BENSON, CITY OF DETROIT

       Defendants-Appellees.


On Appeal from the United States District Court for the Eastern District of Michigan, No. 2:20-cv-13134


**DEFENDANT-APPELLEE CITY OF DETROIT'S BRIEF ON APPEAL**

David H. Fink (MI – P28235)
Nathan J. Fink (MI – P75185)
Attorneys for the City of Detroit
**FINK BRESSACK**
38500 Woodward Avenue,
Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Defendant-Appellee City of Detroit is a municipal corporation and is not a subsidiary or an affiliate of a publicly owned corporation.

# **TABLE OF CONTENTS**

**CORPORATE DISCLOSURE STATEMENT** ................................. i

**TABLE OF CONTENTS** ........................................................... ii

**TABLE OF AUTHORITIES** ..................................................... iv

**STATEMENT REGARDING ORAL ARGUMENT** ........................ vi

**COUNTERSTATEMENT OF JURISDICTION** ............................1

**COUNTERSTATEMENT OF ISSUES** .....................................2

**STATEMENT OF THE CASE** ..................................................4

    **I.**    **Common Procedural History** ............................................4

    **II.**    **Issues Particular to this Appellant** ................................10

**SUMMARY OF THE ARGUMENT** ..........................................11

**ARGUMENT** ........................................................................12

    **I.**    **Standard Of Review** .......................................................12

    **II.**    **Mr. Wood Was Involved In The Litigation In The District Court And The District Court Properly Sanctioned Him** ......................13

        **A.**    **Mr. Wood shared Responsibility for this Litigation** ..........13

            **1.**    **Mr. Wood's Signature Block Appears on the Pleadings** ........................................................14

            **2.**    **Mr. Wood was a Willing Participant in the Litigation** ........................................................15

            **3.**    **Mr. Wood Admitted to Offering to Participate in the Litigation** ........................................................19

        **B.**    **The District Court Properly Sanctioned Mr. Wood under Rule 11** ........................................................20

            **1.**    **Mr. Wood Presented a Sanctionable Filing** .............20

            **2.**    **Mr. Wood Shares Responsibility for the Violation** ...21

        **C.**    **The District Court Properly Sanctioned Mr. Wood under 28 U.S.C. § 1927** ........................................................23

D.     **The District Court had Inherent Authority to Sanction Mr. Wood** ........................................................................ 25

E.     **The District Court was not Required to Determine the Relative Culpability of Each Sanctioned Attorney** ............. 28

F.     **The Sanctions Assessed are Appropriate** ........................... 31

III.     **The Trial Court Did Not Err In Awarding The City Its Reasonable Attorney Fees** ............................................. 32

**CONCLUSION** ......................................................................... 34

**CERTIFICATE OF COMPLIANCE** ..................................... 36

**CERTIFICATE OF SERVICE** ............................................. 36

**ADDENDUM** ........................................................................... 37

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Animal Welfare Inst. v. Feld Entm't, Inc.*, 944 F. Supp 2d 1 (D.D.C. 2013) ..........27

*Big Yank Corp. v. Liberty Mut. Fire Ins. Co*., 125 F.3d 308 (6th Cir. 1997) ..........25

*Bowyer v. Ducey*, No. 2:20-cv-02321 (D. Ariz. 2020) ...........................................18

*Chambers v. NASCO, Inc*., 501 U.S. 32 (1991).................................................. 25, 27

*Converse Const. Co., Inc. v. Converse Steel Fabricators & Erectors, Inc.*,
    181 F.3d 79 (1st Cir. 1998)....................................................................................32

*Cooter & Gell v. Hartmax Corp*., 496 U.S. 384 (1990) .........................................12

*Costantino v. Detroit et al.*, Wayne Cnty. Cir. Ct. Case No. 20-014780-AW ..........5

*Dearborn Street Bldg. Associates, LLC v. Huntington Nat. Bank*,
    411 Fed. App'x 847 (6th Cir. 2011......................................................................33

*Dixon v. Clem*, 492 F.3d 665 (6th Cir. 2007) .........................................................23

*Donald J. Trump for President Inc. v. Benson*,
    Mich. Ct. Claims Case No. 20-000225-MZ ...........................................................5

*Feehan v. Wisconsin Elections Commission*,
    No. 2:20-cv-01771 (E.D. Wis. 2020) ...................................................................18

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017)...........................30

*In re Kunstler*, 914 F.2d 505 (4th Cir. 1990)..........................................................33

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987) .............................................................29

*In re Safeco Ins. Policy ex rel. Skinner*, 96 F. App'x 654 (10th Cir. 2004) ...........34

*Johnson v. University of Rochester Medical Center*,
    642 F.3d 121 (2d Cir. 2011) ................................................................................24

*Jones v. Ill. Cent. R. Co*., 617 F.3d 843 (6th Cir. 2010) .........................................12

*Kenyon Int'l Emergency Servs., Inc. v. Malcolm,*
   No. 12-20306, 2013 WL 2489928 (5th Cir. 2013)..............................................27

*Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678 (8th Cir. 1997) ...................32

*Morris v. Wachovia Sec., Inc*.,
   No. CIV. A. 3:02CV797, 2007 WL 2126344 (E.D. Va. July 20, 2007) ..... 22, 23

*Person v. Kemp*, No. 1:20-cv-04809 (N.D. Ga. 2020) ...........................................17

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) ..................................24

*Stoddard v. City Elec. Comm'n of the City of Detroit*,
   Wayne Cnty. Cir. Ct. Case No. 20-014604-CZ.....................................................5

*United States v Aleo*, 681 F.3d 290 (6th Cir. 2012)........................................ 26, 27

*Wages v. I.R.S*., 915 F.2d 1230 (9th Cir. 1990) .....................................................24

*Wisconsin Voters Alliance v. Harris*, 28 F.4th 1282 (D.C. Cir. 2022)...................32

**Rules**

E.D. Mich. LR 83.22(c)(2).......................................................................................32

Fed. R. Civ. P. 11……………………………………………….……………*Passim*

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment)……………...21

**Statutes**

28 U.S.C. § 1927…………………………………………………...……………*Passim*

v

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

This appeal presents the straightforward issue of whether the District Court abused its discretion in sanctioning Mr. Wood for conduct it found to be "a historic and profound abuse of the judicial process." (Opinion, RE 172, PageID # 6890). Defendant-Appellee City of Detroit believes this appeal can be decided on the briefs and does not request oral argument. However, if this Court grants Mr. Wood the opportunity to present oral argument, Defendant-Appellee City of Detroit respectfully requests the opportunity to present oral argument in response.

## <u>COUNTERSTATEMENT OF JURISDICTION</u>

Defendant-Appellee City of Detroit concurs in Mr. Wood's Statement of Jurisdiction and does not dispute this Court's jurisdiction over this appeal.

## <u>COUNTERSTATEMENT OF ISSUES</u>

1. Did the District Court err by imposing sanctions against Mr. Wood when it determined that he was responsible in part for the filing of pleadings in violation of Federal Rule of Civil Procedure 11(b)?

   City of Detroit's Answer: No.

2. Did the District Court err in imposing sanctions against Mr. Wood where it determined that he was responsible in part for unreasonably and vexatiously multiplying proceedings in violation of 28 U.S.C. § 1927?

   City of Detroit's Answer: No.

3. Did the District Court abuse its discretion in sanctioning Mr. Wood under its inherent authority?

   City of Detroit's Answer: No.

4. Did the District Court abuse its discretion by finding Mr. Wood jointly and severally liable for the Defendants' reasonable legal expenses, requiring him to attend 12 hours of continuing legal education classes and referring him to the Georgia Attorney Grievance Commission?

   City of Detroit's Answer: No.

5.  Did the pleadings and other papers filed with the District Court by Mr. Wood

and his co-counsel have merit?

City of Detroit's Answer: No.

## STATEMENT OF THE CASE[1]

### I.    Common Procedural History

This appeal arises out of the frivolous pleadings filed by L. Lin Wood ("Mr. Wood") and his co-counsel (collectively "Plaintiffs' counsel") purportedly seeking to overturn the result of the 2020 presidential election. Plaintiffs' counsel claimed that the 2020 election result was the product of fraud. But the lawsuit they filed was not a serious attempt to remedy any perceived fraud; it was designed to further a false narrative that this country's democratic institutions cannot be trusted. While the District Court denied any judicial relief, the lawsuit achieved its real objective—it undermined faith in the integrity of the election and encouraged misinformed citizens to interfere with the peaceful transition of power.

Plaintiffs' counsel did not rush to the courthouse following the fraud they claim occurred on November 3, 2020. They waited more than three weeks before filing their initial complaint. (Complaint, RE 1, PageID # 1-75). While Plaintiffs' counsel bided their time, other lawsuits challenging the outcome of the 2020 election

---

[1] Defendant-Appellee City of Detroit is responding to four separate appeals that involve overlapping issues. Accordingly, this Statement of the Case section is substantially similar to that filed or to be filed by the City in the three other matters (Case No. 21-1786, Case No. 21-1787 and Case No. 22-1010). All four appeals share a common procedural history. Factors particular to each Appellant will be addressed in Section II of the Statement of the Case.

were filed and the specious claims in those cases were rejected.[2] But Plaintiffs'
counsel did not use that time to vet their claims.

When Plaintiffs' counsel did file their lawsuit, they had not uncovered new
evidence of fraud. Instead, their claims relied on multiple affidavits which had been
previously filed, and previously discredited, in the *Costantino* case. (Opinion, RE
172, PageID # 6951-53). Plaintiffs' counsel then undertook no effort to serve any of
the defendants, and the District Court was required to enter a text-only order on
December 1, 2020 directing Plaintiffs' counsel to effect service. (Opinion, RE 172,
PageID # 6897). As the District Court noted, Plaintiffs' counsel's failure to timely
file or prosecute this action was indicative of their "bad faith and improper purpose
in bringing this suit." (Opinion, RE 172, PageID # 6985).

Plaintiffs' Complaint named as Defendants Governor Gretchen Whitmer and
Secretary of State Jocelyn Benson (the "State Defendants"), along with the Michigan
Board of State Canvassers. As the Complaint primarily focused on perceived
irregularities in the counting of ballots at the TCF Center in Detroit, an operation
directed by the Detroit City Clerk, the City of Detroit (the "City") filed a motion to

---

[2] The previously-filed lawsuits included: *Donald J. Trump for President Inc.
v. Benson*, Mich. Ct. Claims Case No. 20-000225-MZ, motion for preliminary
injunction denied November 6, 2020; *Stoddard v. City Elec. Comm'n of the City of
Detroit*, Wayne Cnty. Cir. Ct. Case No. 20-014604-CZ, motion for preliminary
injunction denied Nov. 6, 2020; and *Costantino v. Detroit et al.*, Wayne Cnty. Cir.
Ct. Case No. 20-014780-AW, motion for preliminary injunction denied Nov. 13,
2020. (City's Response to Injunction Motion, RE 39, PageID # 2816).

intervene on November 27, 2020 to ensure that its citizens were not disenfranchised. (City's Motion to Intervene, RE 5, PageID # 840-857). The District Court granted the City's Motion to Intervene on December 2, 2020. (Order Granting Motions to Intervene, RE 28, PageID # 2142-2147). Plaintiffs' counsel filed an Amended Complaint and an Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief on November 29, 2020. (Amended Complaint, RE 6, PageID # 872-957; Injunction Motion, RE 7, PageID #1832-1849). In their Motion seeking injunctive relief, Plaintiffs' counsel stated that their requested relief "must be granted in advance of December 8, 2020, which is the 'safe harbor' date for states to submit their slates of electors under 3 U.S.C. § 5." (Injunction Motion, RE 7, PageID # 1846). The City filed its response in opposition to Plaintiff's Motion for injunctive relief on December 2, 2020. (City's Response to Injunction Motion, RE 39, PageID # 2808-2852).

On December 7, 2020, the District Court entered an order denying Plaintiffs' Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief. (Opinion denying Injunction Motion, RE 62, PageID # 3295-3330). The District Court determined that the Plaintiffs were not entitled to injunctive relief because their claims were barred by Eleventh Amendment immunity, mootness, laches, the abstention doctrine and lack of standing. (Opinion denying Injunction Motion, RE 62, PageID # 3302-24). The District Court found that "this lawsuit seems to be less

6

about achieving the relief Plaintiffs seek—as much of that relief is beyond the power of this Court—and more about the impact of their allegations on People's faith in the democratic process and their trust in our government." (Opinion denying Injunction Motion, RE 62, PageID # 3329-3330).

The following day, December 8, 2020, Plaintiffs' counsel inexplicably filed a Notice of Appeal to the Federal Circuit Court of Appeals.[3] On the same day, Plaintiffs filed a Notice of Appeal through the ECF system to the Sixth Circuit Court of Appeals but failed to move to expedite their appeal. (Notice of Appeal, RE 64, PageID # 3332). Plaintiffs' counsel then filed a petition for certiorari in the Supreme Court on December 11, 2020. *See* U.S. Supreme Court No. 20-815.[4] In their petition, Plaintiffs' counsel stated that "[o]nce the electoral votes are cast [on December 14, 2020] subsequent relief would be pointless." (Opinion, RE 172, PageID # 6899). However, Plaintiffs' counsel did not dismiss their appeal after that date passed. Instead, they moved to expedite their petition for certiorari on December 18, 2020.

In the District Court, the City served its Rule 11 notice letter and motion on Mr. Wood and his co-counsel on December 15, 2020. (Rule 11 Notice, RE 161-3,

---

[3] The Notice of Appeal filed in the Eastern District of Michigan failed to "name the court to which the appeal [was] taken," as required by Fed. R. App. P. 3(c)(1)(C). Plaintiffs' counsel then (through the ECF system) improperly designated the appeal as an appeal to the Federal Circuit Court of Appeals.

[4] Docket sheet and filings available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-815.html.

PageID # 6058-67). On December 22, 2020, the City, the State Defendants, and the DNC and MDP filed motions to dismiss. (State Defendants' Motion to Dismiss, RE 70, PageID # 3350-3428; DNC and MDP Motion to Dismiss, RE 72, PageID # 3433-3465; City's Motion to Dismiss, RE 73, PageID # 3544-3580). And on the same date intervenor Robert Davis ("Davis") filed a motion seeking sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927 and the Court's inherent authority. (Davis Motion for Sanctions, RE 69, PageID # 3338-3349). On January 3, 2021, two days before Plaintiffs' response to Davis's sanctions motion was due, Plaintiffs' counsel filed a motion requesting an extension of time to respond to Davis's sanctions motion until January 19, 2021, which was granted. (Plaintiffs' Motion to Extend Time as to Davis, RE 74, PageID # 3597-3599; Order Granting Motion to Extend Time, RE 76, PageID # 3610-3611). On January 5, 2021, immediately after the expiration of the safe harbor period, the City filed its motion for Rule 11 sanctions against Plaintiffs' counsel. (City's Rule 11 Motion, RE 78, PageID # 3616-3671).

On January 6, 2021, Congress convened in a joint session to count the electoral votes. Despite the infamous events of that day, Congress counted Michigan's electoral votes and certified Joseph Biden as the winner of the 2020 election on the morning of January 7, 2021. In the District Court, Plaintiffs filed a motion to extend time to answer the three motions to dismiss on January 12, 2021. (Plaintiffs' Motion to Extend Time as to Motions to Dismiss, RE 82, 3857-3864).

The Court granted this motion in a text-only order, extending the time for Plaintiffs to answer the motions to dismiss until January 14, 2021.

On January 14, 2021, the last day on which Plaintiffs could have responded to the motions to dismiss, Plaintiffs' counsel filed notices of voluntary dismissal under Rule 41 as to all Defendants except Davis.[5] Notices of Dismissal, RE 86-91, PageID # 4030-4047). On January 28, 2021, the State Defendants moved for sanctions against certain Plaintiffs' counsel under 28 U.S.C. § 1927. (State Defendants' Sanction Motion, RE 105, PageID # 4334-4378).

After the sanctions motions were fully briefed, the District Court held a hearing on July 12, 2021 during which Mr. Wood and co-counsel had the opportunity to respond to the District Court's questions. (Notice of Hearing, RE 147, PageID #5262-5263). Following the hearing, the District Court permitted the parties to file supplemental briefing. (Order for Supplemental Briefing, RE 150, PageID # 5269). The District Court issued an Opinion and Order granting the motion for sanctions filed by the City and the State Defendants and granting in part and denying in part the sanctions motion filed by Davis. (Opinion, RE 172, PageID # 6890-6999). The District Court determined that Mr. Wood and his co-counsel were responsible

---

[5] Davis had filed an answer to Plaintiffs' amended complaint. (Davis Answer, RE 38, PageID # 2751-2807). Plaintiffs subsequently moved for voluntary dismissal as to Davis. (Motion for Voluntary Dismissal, RE 92, PageID # 4048-4053). The District Court granted Plaintiffs' motion for voluntary dismissal as to Davis on July 9, 2021. (Pre-Hearing Order, RE 149, PageID # 5265-5268).

for "a historic and profound abuse of the judicial process" and ordered that Plaintiffs' counsel jointly and severally pay the fees and costs incurred by the City and the State Defendants, and ordered each attorney to attend 12 hours of non-partisan continuing legal education on pleading standards and election law. (Opinion, RE 172, PageID # 6890, 6998-6899). The District Court also ordered the clerk of the court to transmit a copy of the order to the Michigan Attorney Grievance Commission and the appropriate disciplinary authority for each jurisdiction in which Plaintiffs' counsel are admitted "referring the matter for investigation and possible suspension or disbarment." (Opinion, RE 172, PageID # 6998-6899).

On December 2, 2021, after the completion of briefing on the issue of reasonable costs and fees, the District Court entered an order awarding the City fees in the amount of $153,285.62 and the State Defendants fees in the amount of $21,964.75. (Order Regarding Monetary Sanctions, RE 179, PageID # 7142-7168). The District Court entered judgment on the same day. (Judgment, RE 180, PageID # 7169-7170).

## II.    Issues Particular to this Appellant

On December 3, 2021, Mr. Wood filed his Notice of Appeal. (Wood Notice of Appeal, RE 181, PageID # 7171-7173).

10

## SUMMARY OF THE ARGUMENT

Mr. Wood has proudly touted his leadership role in this litigation on social media and in other courts, but now, in an apparent attempt to avoid sanctions, he claims that he had no involvement in the case. His post hoc claims of ignorance are patently false. Mr. Wood was involved in multiple frivolous election cases with some of the same co-counsel, and he admits that he did not object to his signature block being included on the Complaint.  He also admits that he offered his services as a "trial lawyer" in connection with this litigation. On the same day that the City of Detroit served its Rule 11 letter, Mr. Wood (who later denied knowledge of that letter) bragged on Twitter that the City's demand that the pleadings be withdrawn meant that he was "over the target." And, during the period when he now claims to have known nothing about his own participation in this case, he advised the United States District Court for the Eastern District of New York on January 11, 2021, that the City of Detroit was seeking sanctions against him and on May 5, 2021, he used this case in an attempt to burnish his credentials in the Delaware Supreme Court. The record is clear that Mr. Wood was a willing participant in the filing of and the failure to timely dismiss this baseless and dangerous litigation. Mr. Wood's attempts

11

to mislead the District Court about his involvement in this case and his repetition of those demonstrably false claims here merit the strongest possible sanctions.[6]

As it found that Mr. Wood was a willing participant in this litigation, the District Court properly determined that he shared responsibility for conduct sanctionable under Rule 11, 28 U.S.C. § 1927 and the Court's inherent authority. The District Court afforded Mr. Wood notice and the opportunity to respond, both by extensive briefing (including supplemental briefing after oral argument) and a nearly six-hour hearing on the record. The District Court did not abuse its discretion in sanctioning Mr. Wood.

## ARGUMENT [7]

### I.    Standard Of Review

This Court reviews the imposition of sanctions with an abuse of discretion standard. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990); *Jones v. Ill. Cent. R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). A district court abuses its discretion if it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405.

---

[6] The City anticipates filing a separate motion asking this Court to sanction Mr. Wood under Fed. R. App. P. 38 and/or 28 U.S.C. § 1927.

[7] Mr. Wood adopts by reference the arguments made by his co-counsel in Case Nos. 21-1786, 21-1787 and 22-1010. The City therefore incorporates by reference its arguments in response to the Briefs filed by Plaintiffs' counsel in those appeals as if fully restated herein.

12

**II.    Mr. Wood Was Involved In The Litigation In The District Court And The District Court Properly Sanctioned Him**

**A.    Mr. Wood shared Responsibility for this Litigation**

Mr. Wood's principal argument on appeal is that he should not be sanctioned because he was not involved in this litigation and had no notice of the Rule 11 Letter or the Motion for Sanctions. The District Court was not persuaded by Mr. Wood's claims of ignorance and his attempts to minimize his role in this matter; his excuses are no more compelling when repeated here. The uncontested record is clear; L. Lin Wood was deeply involved in and fully aware of this litigation and of the Rule 11 demand and the sanctions motion:

- Wood's signature block appears on the Complaint [RE 1, PageID # 75], designating him as "Of Counsel".

- Wood's signature block appears on the Amended Complaint [RE 6, PageID # 957], designating him as "Of Counsel".

- Wood's signature block appears on pleadings filed by most of these same attorneys challenging the 2020 election result in Georgia, Wisconsin and Arizona. (Opinion, RE 172, PageID #6946 n. 34).

- Wood admits that he offered to serve as "trial lawyer" and that he did not object to his name being included on the pleadings. (Transcript, RE 157, PageID # 5360-5361).

- On December 15, 2020, the same day that the City served its Rule 11 Letter, Wood posted on Twitter a link to an article containing a copy of the Letter and stated that he was "over the target and the enemy is runningscared [*sic*]!" (Opinion, RE 172, PageID # 6921-6922).

- On January 5, 2021, the same day that the City filed its Rule 11 Motion, Wood posted on Twitter a link to a media report about the motion and stated that it was "unfair" for the City to seek sanctions against him. (Opinion, RE 172, PageID # 6922).

- On January 11, 2021, Wood stated that the City of Detroit was "trying to get [him] disbarred" while appearing before the District Court for the Eastern District of New York. (Opinion, RE 172, PageID # 6922).

- On May 5, 2021, Wood stated, through counsel, that he "represented plaintiffs challenging the results of the 2020 Presidential election in Michigan and Wisconsin…" in a brief filed in the Delaware Supreme Court. (Opinion, RE 172, PageID # 6922-6923).

- During the July 12, 2021 hearing, Sidney Powell testified that she "did specifically ask Wood for his permission [to place his name on the pleadings.]" When the District Court asked Wood if he gave Powell permission to place his name on the pleadings, Wood stated "I didn't object to it". (Transcript, RE 157, PageID # 5361).

Notwithstanding all of this evidence, Mr. Wood continues to disregard uncontestable facts, claiming that he had no involvement in this case and that he was not even aware that he was identified on the pleadings.

### 1.    Mr. Wood's Signature Block Appears on the Pleadings

A signature block for L. Lin Wood appears on the pleadings. The following signature block appears on both the Complaint [RE 1, PageID # 75] and the Amended Complaint [RE 6, PageID # 957], designating Mr. Wood as "Of Counsel":

> L. Lin Wood
> GA Bar No. 774588
> L. Lin Wood, P.C.
> P.O. Box 52584
> Atlanta, GA 30305-0584
> Telephone: (404) 891-1402

The District Court found that Mr. Wood knowingly allowed his signature block to be included on the offending pleadings.

### 2.    Mr. Wood was a Willing Participant in the Litigation

Mr. Wood argues that his name was placed on the pleadings without his permission. He claimed that he was unaware of the litigation or the sanctions being sought against him, until he read about it in a newspaper. (Transcript, RE 157, PageID # 5362). But there was ample evidence that Mr. Wood was aware that his name was on the pleadings and yet he took no action to have his name removed. The District Court appropriately found that Mr. Wood was a willing participant in this litigation, because "[n]o reasonable attorney would sit back silently if his or her name were listed as counsel in a case if permission to do so had not been given." (Opinion, RE 172, PageID # 6920).

Mr. Wood now attempts to mislead this Court regarding when he learned that his name was on the pleadings. Mr. Wood claims in his Brief that, "between June 17, 2021, and June 29, 2021, [he] received a telephone call from one of the attorneys for the Plaintiffs in this case who informed him that an order had been issued in Detroit, Michigan, directing him to appear for a hearing in the United States District Court for the Eastern District of Michigan." Brief of Interested Party-Appellant L. Lin Wood ("Wood Brief"), RE 18, PageID # 12 (Case No. 21-1785). Mr. Wood claims that "he was perplexed" by this call, because "[h]e had not filed the lawsuit

in Michigan [and] [h]e had not participated in any of the litigation in Michigan." Wood Brief, RE 18, PageID # 12 (Case No. 21-1785). Mr. Wood claims that he could not have been a willing participant in this litigation, because he did not give permission to place his signature block on the pleadings and he did not learn that his name was on the pleadings until June 2021.

Mr. Wood's claim that he first learned of his involvement in this case in June 2021 is undeniably false. Even if it were true that Sidney Powell and others used his name without his permission (a rather unlikely proposition), the City's December 15, 2020 Rule 11 letter clearly put him on notice of his signature block on the Complaint and the Amended Complaint. The District Court correctly found that Mr. Wood's claim that he was never served with the City's Rule 11 letter was not credible because, on December 15, 2020, the day the City mailed its Rule 11 letter and motion, he "tweeted a link to an article containing a copy of the motion, stating 'when you get falsely accused by the likes of David Fink and Mark Elias…in a propaganda rag like Law & Crime, you smile because you know you are over the target and the enemy is runningscared [*sic*]!'" (Opinion, RE 172, PageID # 6921-6922). On January 5, 2021, the day that the City served its Rule 11 Motion, Mr. Wood "tweeted a link to an article with the motion, stating that it was 'unfair' for the City to seek sanctions against him." (Opinion, RE 172, PageID # 6922). Then, on January 11, 2021, he "acknowledged that the City was 'trying to get [him]

disbarred'" in a federal courtroom in the Eastern District of New York. (Opinion,

RE 172, PageID # 6922).

The unrefuted record in the District Court also showed that Mr. Wood took

credit for his participation in the instant matter when it could advance his interests.

The District Court found that Mr. Wood made the following statement, through

counsel, in a brief submitted to the Delaware Supreme Court on May, 5, 2021:

> [Wood] *represented plaintiffs challenging the results of the 2020 Presidential election in Michigan* and Wisconsin. . . . In the days and weeks following the [General Election of 2020], Wood became involved in litigation contesting the election's results or the manner votes were taken or counted in critical "swing states." *Among those cases in which Wood became involved were lawsuits in* Wisconsin, *Michigan*, and Wood's own suit in the State of Georgia. (Opinion, RE 172, PageID # 6922) (emphasis added by District Court).

The District Court correctly found that that this statement constituted a binding

admission of Mr. Wood's involvement in the litigation.

The District Court also found Mr. Wood's argument that his name was placed

on the pleadings in this case without his knowledge or permission incredible, when

he and his co-counsel had filed similar lawsuits challenging the 2020 election results

in Georgia, Wisconsin and Arizona. Not only did Mr. Wood never object to his

inclusion as "Of Counsel" on pleadings in those cases, he moved for *pro hac vice*

admission in the Arizona case. (Opinion, RE 172, PageID # 6919) (Noting that Mr.

Wood's signature block appears on pleadings filed in *Person v. Kemp*, No. 1:20-cv-

04809 (N.D. Ga. Filed Nov. 25, 2020); *Feehan v. Wisconsin Elections Commission*,

17

No. 2:20-cv-01771 (E.D. Wis. Filed Dec. 1, 2020); and *Bowyer v. Ducey*, No. 2:20-cv-02321 (D. Ariz. Filed Dec. 2, 2020)).

Mr. Wood claims that "the Defendants offered no evidence he…authorized any of the other attorneys to use his name." Wood Brief, RE 18, PageID # 33 (Case No. 21-1785). However, Sidney Powell, who signed the Complaint and Amended Complaint and who took "full responsibility…for the pleadings in this case[,]" testified:

> My view, your Honor, is that I did specifically ask Mr. Wood for his permission I can't imagine that I would have put his name on any pleading without understanding that he had given me permission to do that. (Transcript, RE 157, PageID # 5371).

When the District Court asked Mr. Wood if he gave Powell permission to place his name on the pleadings, he stated "I didn't object to it," but then claimed that he "actually did not know at the time that [his] name was going to be included." (Transcript, RE 157, PageID # 5361).

One thing is clear: Mr. Wood knew about and publicly declared his involvement in this case no later than December 15, 2020. Nonetheless, he repeats the false narrative of his supposed ignorance in his Brief on Appeal, demonstrating his complete lack of credibility and his disturbing disrespect for this Court.

### 3.    Mr. Wood Admitted to Offering to Participate in the Litigation

Despite his continued denials regarding his participation in this lawsuit, Mr. Wood admitted during the hearing that he had "indicated to Sidney Powell that if she needed a, quote/unquote, trial lawyer that I would certainly be willing and available to help her." (Transcript, RE 157, PageID # 5360). The District Court therefore determined that Mr. Wood had admitted to "offer[ing] to provide…legal services in this jurisdiction[,]" thereby subjecting him to the Court's jurisdiction under MRPC 8.5(a). (Id.) (emphasis omitted).

The District Court determined that Mr. Wood had attempted to mislead the Court regarding his knowledge of his involvement in the suit, had boasted about his involvement in other venues, and had admitted that he had offered his services to Sidney Powell. The District Court therefore did not abuse its discretion when it determined that Mr. Wood "was aware of this lawsuit when it was filed, was aware that he was identified as co-counsel for Plaintiffs, and as a result, shares the responsibility with the other lawyers for any sanctionable conduct."[8] (Opinion, RE 172, PageID # 6923).

---

[8] Mr. Wood argues that the District Court erred in finding him responsible on the basis of an affidavit signed by co-counsel Gregory Rohl, in which Rohl stated that he was told Wood, along with Sidney Powell, was "spearhead[ing]" the lawsuit. Wood Brief, RE 18, PageID # 29-31 (Case No. 21-1785). Mr. Wood argues that this affidavit, including admissions by his co-counsel, is hearsay, but Mr. Wood did not

19

**B.    The District Court Properly Sanctioned Mr. Wood under Rule 11**

Mr. Wood argues that the District Court abused its discretion in sanctioning

him under Rule 11 because he did not present a pleading or motion to the District

Court and because he was not responsible for the sanctionable filings. These

arguments are unavailing.

### 1.    Mr. Wood Presented a Sanctionable Filing [9]

Mr. Wood argues at length that the District Court erred in sanctioning him

under Rule 11 because he did not file, present, or sign any of the pleadings or other

papers filed in the District Court. But the record is clear that Mr. Wood participated

in the submission of sanctionable pleadings to the trial court by allowing his name

to be included on the offending documents. (Opinion, RE 172, PageID # 6917-6923).

"Submit" is defined as "to present or propose to another for review, consideration,

or decision[,]" effectively rendering it a synonym for "present."[10] While Mr. Wood

offers several arguments on this point, he cannot argue that "submitting," as used in

---

object to the Rohl affidavit prior to this appeal. The District Court chose not to rely
upon it, referencing it only in a footnote. (Opinion, RE 172, PageID # 6922 n. 21).
Instead, the District Court determined that Mr. Wood knowingly participated in the
filing of a frivolous lawsuit for an improper purpose and therefore shared in the
responsibility for the sanctionable conduct. (Opinion, RE 172, PageID # 6923).

    [9] The arguments raised by Mr. Wood on this issue are substantially similar to
those raised by Appellant Emily Newman in her brief. (Case No. 21-1787, Dkt. 17).
Accordingly, the City's response is substantially similar.

    [10] Submit, Merriam-Webster Online Dictionary, https://www.merriam-
webster.com/dictionary/submit (last visited May 17, 2022).

Rule 11(b), excludes the act of including one's signature block on an offending document. And he cites no authority for the proposition that an attorney's affirmative act of placing his signature block on an offending document does not constitute submission under Rule 11(b).

### 2.    Mr. Wood Shares Responsibility for the Violation

The District Court properly sanctioned Mr. Wood under Rule 11 for his shared responsibility for the filing of the offending papers. Rule 11(c)(1) explicitly authorizes courts to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." This is confirmed by the Advisory Committee Notes to the 1993 amendment of Rule 11, which state that a person who does not sign, file, or later advocates for a paper may be sanctioned if that person is determined to be responsible for the violation. Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) ("sanction[s] should be imposed on the persons—whether attorneys, law firms, or parties—who have violated the rule or who may be determined to be responsible for the violation."). Nothing in the text of Rule 11 or the Advisory Committee Notes limits such sanctions to the party *solely* responsible for a violation, or the party *most* responsible for a violation. Instead, the Advisory Committee Notes authorize a court to "consider whether other attorneys in the firm, co-counsel, other law firms, or the party itself should be held accountable for *their part* in causing the violation." Id. (emphasis added).

Mr. Wood concedes that the Rule 11 Advisory Committee Notes authorize the sanctioning of parties responsible for the violation of Rule 11, whether or not they present a paper to a court. But he claims that there is no authority for the "proposition that any attorney whose name appears on pleadings, whether they knew of their contents or not, are liable for sanctions." Wood Brief, RE 18, PageID # 37 (Case No. 21-1785). This argument is meritless. First, the District Court's determination that Mr. Wood was a willing participant in the litigation compels the conclusion that he was well aware of the contents of the pleadings and that he therefore bore some of the responsibility for the violation. Second, Rule 11 explicitly authorizes courts to sanction any party responsible for the violation. Fed. R. Civ. P. 11(c)(1).

Mr. Wood attempts to distinguish *Morris v. Wachovia Sec., Inc*., No. CIV. A. 3:02CV797, 2007 WL 2126344 (E.D. Va. July 20, 2007), which the District Court cited in support of its authority to sanction a non-signatory attorney responsible for a violation. He argues that, under *Morris*, a non-signatory attorney may be found "responsible for the violation" under Rule 11(c)(1) only where there is evidence that the non-signatory had "supervisory responsibility" for the litigation. Wood Brief, RE 18, PageID # 40 (Case No. 21-1785). But the *Morris* court did not determine that a non-signatory could be sanctioned only where they had supervisory responsibility, rather it determined that attorneys were responsible for the violation where they had

admitted that they did have supervisory authority. *Morris*, 2007 WL 2126344 at \*9-10. Mr. Wood also argues that the *Morris* court imposed sanctions only after holding "an evidentiary hearing…to ferret out the facts and timing of the lawyers' efforts and responsibilities in managing the litigation." Wood Brief, RE 18, PageID # 39-40 (Case No. 21-1785). However, the *Morris* opinion contains no reference to an "evidentiary hearing." Instead, the attorneys there were afforded a hearing to explain why they should not be sanctioned—the same opportunity that the District Court gave Mr. Wood in this matter.

### C.  The District Court Properly Sanctioned Mr. Wood under 28 U.S.C. § 1927 [11] [12]

Mr. Wood argues that the District Court erred in sanctioning him under 28 U.S.C. § 1927 because he played no role in the litigation after the filing of the pleadings that bore his name. But this ignores the basis for the District Court's imposition of § 1927 sanctions against him. Mr. Wood focuses on the District Court's discussion of the failure of his co-counsel to dismiss after the events they

---

[11] The arguments raised by Mr. Wood on this issue are substantially similar to those raised by Appellant Emily Newman in her brief. (Case No. 21-1787, Dkt. 17). Accordingly, the City's response is substantially similar.

[12] Wood claims that he could not be sanctioned under 28 U.S.C. § 1927 because the State Defendants did not seek § 1927 sanctions against him. But the City sought § 1927 sanctions against him in its Motion to Dismiss. (City's Motion to Dismiss, RE 73, PageID # 3576-3578). Furthermore, it is well-established in this Circuit that courts may impose § 1927 sanctions on their own initiative. *See Dixon v. Clem*, 492 F.3d 665, 676-79 (6th Cir. 2007).

23

claimed would moot the case had come to pass and claims he cannot be sanctioned under. § 1927, because his involvement was limited to placing his name on the pleadings. Wood Brief, RE 18, PageID # 41-44 (Case No. 21-1785). But the District Court stated that it was sanctioning Mr. Wood under § 1927 because he placed his name on the offending documents. (Opinion, RE 172, PageID # 6917).

The fact that Mr. Wood's name does not appear on any filings other than the Complaint and the Amended Complaint does not save him from sanctions under 28 U.S.C. § 1927. While the filing of an initial pleading may not be sanctionable under § 1927, it is well-established that a violation of § 1927 can be complete with the filing of a frivolous and vexatious amended complaint. *Ridder v. City of Springfield*, 109 F.3d 288, 297-99 (6th Cir. 1997); *see also*, *Johnson v. University of Rochester Medical Center*, 642 F.3d 121, 125-26 (2nd Cir. 2011) (affirming district court's award of § 1927 sanctions in connection with attorney's filing of baseless amended complaint); *Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) (same). Here, the District Court correctly determined that by placing his name on the offending document, Mr. Wood was responsible for violating § 1927. Furthermore, after authorizing inclusion of his signature block, Mr. Wood could have withdrawn from representation or sought dismissal of the frivolous claims; he did neither.

### D.    The District Court had Inherent Authority to Sanction Mr. Wood [13]

Mr. Wood claims that Rule 11 is the sole appropriate basis for sanctions imposed for the filing of frivolous pleadings. However, the District Court did not use its inherent authority to sanction Mr. Wood for filing a frivolous pleading—it sanctioned him under its inherent authority because he was responsible for the filing of a meritless lawsuit in bad faith. The District Court properly applied the test articulated by the Court in *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) ("In order to award attorneys' fees under [the court's inherent authority], a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for the filing of the suit was for an improper purpose such as harassment.") (quotation marks omitted).

The argument that a district court may not use its inherent authority as an alternative basis for sanctioning conduct that is proscribed by Rule 11 contravenes the Supreme Court's holding in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The Supreme Court the explained that "neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because the conduct could also be sanctioned under the statute or the Rules." *Id.* at 50. The *Chambers* court did

---

[13] The arguments raised by Mr. Wood on this issue are substantially similar to those raised by Appellant Emily Newman in her brief. (Case No. 21-1787, Dkt. 17). Accordingly, the City's response is substantially similar.

25

note that, in such situations, "the court ordinarily should rely on the Rules rather than the inherent power." But the case at bar was anything but an ordinary case—it was a lawsuit the District Court found to be "a historic and profound abuse of the judicial process." (Opinion, RE 172, PageID # 6890).

Mr. Wood cites *United States v Aleo*, 681 F.3d 290 (6th Cir. 2012) for the proposition that courts may not impose inherent authority sanctions for conduct that could be sanctioned under the Federal Rules of Civil Procedure. Wood Brief, RE 18, PageID # 45-46 (Case No. 21-1785). *Aleo* concerned a sanction against a criminal defendant's attorney for a motion which the district court judge believed to be filed in bad faith. *Aleo*, 681 F.3d at 305. On appeal, this Court reversed the district court's sanctions order, holding that the district court had failed to make any findings showing that the motion was filed for in improper purpose, as required to impose inherent authority sanctions. *Id*. At 305-06. Judge Sutton, in a concurring opinion cited by Mr. Wood, argued that inherent authority sanctions should never be available when the conduct at issue could be addressed under the Federal Rules. *See id*. at 306-12 (Sutton, J. Concurring). Judge Sutton noted that, in a civil case, it would be improper for a court to use its inherent authority to sanction conduct that could be sanctioned under the Rules of Civil Procedure. *Id*. at 307. However, Judge Sutton drew this distinction because it would be improper for a court to use its inherent authority "to ease the burden of satisfying existing Civil Rules [or] to punish

26

practices exempted by a Rule or that fall short of meeting a Rule's standard for sanctionable conduct." *Id*. at 308. Judge Sutton explained that it would be improper for a court to use its inherent authority to circumvent the procedural requirements of Rule 11, not that a court may never rely on its inherent authority as an alternative basis for sanctions where it fully complies with the Federal Rules.

Most of the other cases cited by Mr. Wood on this point are distinguishable on the same basis.[14] In *Animal Welfare Inst. v. Feld Entm't, Inc*., 944 F. Supp 2d 1 (D.D.C. 2013) the district court determined that inherent authority sanctions were not warranted because the defendants were already entitled to recover their attorney fees under the Endangered Species Act and therefore there was no "gap" to be filled with inherent authority sanctions. *Id*. at 18. Here, the District Court determined there were sufficient grounds to sanction Mr. Wood under its inherent authority, in addition to Rule 11 and 28 U.S.C § 1927. (Opinion RE 172, PageID # 6990-6991). The decision of one district court not to impose sanctions under its inherent authority does not render the inherent authority sanctions imposed here an abuse of discretion.

In *Kenyon Int'l Emergency Servs., Inc. v. Malcolm*, No. 12-20306, 2013 WL 2489928 (5th Cir. 2013), the Fifth Circuit reviewed a district court's order

---

[14] Some of the cases cited by Mr. Wood hold that a court may not impose inherent authority sanctions as a matter of law where the conduct could be sanctioned under the Rules or by statute. However, such a rule is inconsistent with the Supreme Court's holding in *Chambers*. Furthermore, all of the cases cited by him on this point are from other circuits and are not binding upon this Court.

27

sanctioning an attorney for the filing of an "irrelevantly scurrilous email[,]" but did not specify the basis for the sanction. *Id*. at \*5. The court reasoned that if the district court had intended to impose the sanction on its own motion under Rule 11, it had not complied with Rule 11(c)(3) as no show cause hearing had been held. *Id*. The Fifth Circuit found that inherent authority sanctions were also not available, because the sanctioned attorney was afforded neither notice nor an opportunity to respond. Id. at \*6. In contrast, here, Mr. Wood was served with a Rule 11 letter, and the District Court afforded Plaintiffs' counsel notice and multiple opportunities to respond.

### E.    The District Court was not Required to Determine the Relative Culpability of Each Sanctioned Attorney [15]

Mr. Wood argues that the District Court erred in sanctioning each of Plaintiffs' attorneys, without determining the relative culpability of each individual attorney for the sanctionable conduct. Mr. Wood cites no authority for the proposition that, when a group of lawyers participate jointly in sanctionable conduct, they cannot be sanctioned without detailed findings as to each lawyer's relative level of responsibility for the violation.[16]

---

[15] The arguments raised by Mr. Wood on this issue are substantially similar to those raised by Appellant Emily Newman in her brief. (Case No. 21-1787, Dkt. 17). Accordingly, the City's response is substantially similar.

[16] Several of the Appellants have sought to minimize their own involvement by emphasizing the culpability of their co-counsel. During the sanctions hearing

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987), cited by Mr. Wood, is inapposite; that case involved review of sanctions imposed against an attorney where it was not clear whether the district court had relied on 28 U.S.C. § 1927 or its inherent authority. *Id.* at 981. The issue on appeal was not that the trial court had failed to determine the sanctioned attorney's culpability relative to co-counsel. Rather, the issue was that "the district court did not analyze the impact upon defendants of discrete acts of claimed misconduct" in a situation where the attorney at issue could not be sanctioned for filing the case in bad faith, as he had entered the case after it was instituted. *Id.* at 987, 990. The case was remanded so that the district court could determine "[t]he extent to which [the single attorney's] misfeasance…caused defendants to incur additional expenses." *Id.* No such defect is present here, where the District Court determined that Plaintiffs' counsel filed a baseless lawsuit for an improper purpose and that they had all therefore engaged in sanctionable conduct from the filing of the first pleading. (Opinion, RE 172, PageID # 6990-6991). *In re*

---

Sidney Powell stated "I take full responsibility for the pleadings in this case…[i]t was my responsibility and it was Mr. Kleinhendler's[.]" (Transcript, RE 157, PageID # 5533). However, Ms. Powell and Mr. Kleinhendler now focus on what they characterize as the District Court's belief that Mr. Wood is the "proud, unbowed architect" of the litigation and object that the District Court's Opinion does not adequately explain "how Powell and Kleinhendler are Wood's equal in culpability." *See* Corrected Brief on Appeal of Rohl, Johnson, Kleinhendler, Powell, Haller and Hagerstrom, RE 27, PageID # 87 (Case No. 21-1786). While Ms. Powell and Mr. Kleinhendler attempt to paint Mr. Wood as the ringleader, Mr. Wood claims he had no involvement with the litigation whatsoever.

*Ruben* stands for the unremarkable proposition that sanctions must be tied to specific findings of sanctionable conduct, not that courts cannot sanction attorneys who collectively engage in sanctionable conduct without making detailed determinations as to each attorney's relative culpability for the violation.

Mr. Wood cites *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017) for the proposition that sanctions under the trial court's inherent authority "are limited to the fees the innocent party incurred solely because of the misconduct…" Wood Brief, RE 18, PageID # 55 (Case No. 21-1785). But the Supreme Court reversed the lower court in *Goodyear Tire & Rubber Co.* because it had awarded attorney fees which covered "expenses that could be causally tied to Goodyear's misconduct and those that could not." *Id*. at 1185. The Supreme Court did not hold that, where a group of attorneys jointly participate in sanctionable conduct, the relative culpability of each attorney must be parsed; it merely held that fees awarded under a court's inherent authority are limited to those caused by the misconduct because "a court's shifting of fees is limited to reimbursing the victim." *Id*. at 1186. A joint and several sanction does exactly that.

Plaintiffs' counsel acted as a group, working together to engage in a "historic and profound abuse of the judicial process." (Opinion, RE 172, PageID # 6890). The District Court properly determined that severe sanctions were warranted against each attorney "to deter the filing of future frivolous lawsuits designed primarily to spread

30

the narrative that our election processes are rigged and our democratic institutions cannot be trusted." (Opinion, RE 172, PageID # 6992-6993).

### F.    The Sanctions Assessed are Appropriate [17]

The District Court appropriately assessed attorney fees jointly and severally. The Court was not obligated to make findings regarding the relative culpability of each attorney, and the Court did find that "[b]y agreeing to place their names on pleadings and/or motions, counsel are responsible for those submissions and will be held accountable[]" under Rule 11, 28 U.S.C. § 1927 and the District Court's inherent authority. (Opinion, RE 172, PageID # 6917). In sum, the District Court determined that each of Plaintiffs' counsel were responsible for the sanctionable conduct and subjected them all to sanctions.

Mr. Wood also objects to the Court ordering that a copy of its Order be transmitted to the Georgia State Bar for investigation. But the referral of the Order to the Georgia Bar was not a sanction based on a violation of Rule 11 or 28 U.S.C. § 1927; it was a disciplinary measure authorized by the local rules of the Eastern District of Michigan. The District Court found that Mr. Wood's conduct violated the Michigan Rules of Professional Conduct and called into question his fitness to practice law. (Opinion, RE 172, PageID # 6997). Therefore, "a referral for

---

[17] The arguments raised by Mr. Wood on this issue are substantially similar to those raised by Appellant Emily Newman in her brief. (Case No. 21-1787, Dkt. 17). Accordingly, the City's response is substantially similar.

investigation and possible suspension or disbarment" was warranted. (Id.). Such a

referral is explicitly authorized by E.D. Mich. LR 83.22(c)(2).[18]

## III. The Trial Court Did Not Err In Awarding The City Its Reasonable Attorney Fees [19]

Mr. Wood questions the reasonableness of the award of attorney fees to the

City, because the amount billed by the City's attorneys was greater than that billed

by the attorneys for the State Defendants. The District Court correctly observed that

"Plaintiffs' attorneys do not point to any case law in which courts compared the fees

charged by counsel on the same side when analyzing the reasonableness of one of

their requests for attorney's fees." (Opinion Regarding Fees, RE 179, PageID #

7148). And he cites no such authority in his Brief on Appeal. Here, most of the

---

[18] While this Circuit does not appear to have addressed the issue, it is not clear that a district court's referral of an attorney to a bar association for investigation is reviewable. *See Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 685 (8th Cir. 1997) (finding that referral of Rule 11 violation to other judges in the district to determine whether disciplinary action should be taken "was not itself a sanction" and therefore not reviewable); *Converse Const. Co., Inc. v. Converse Steel Fabricators & Erectors, Inc.*, 181 F.3d 79 (1st Cir. 1998) (finding that district court's referral to bar disciplinary body was not reviewable because such a referral was "merely the first step in a process to investigate the misconduct for the purpose of determining what sanction…ought to be imposed.") (quotation marks omitted); *Wisconsin Voters Alliance v. Harris*, 28 F.4th 1282, 1284 (D.C. Cir. 2022) (finding that order referring attorney to grievance commission was not an appealable final order as "[a] referral to the Committee on Grievances neither determines whether an attorney will receive discipline nor what form discipline may take…[and] if the Disciplinary Panel reaches an adverse decision, the attorney may appeal[.]"

[19] The arguments raised by Mr. Wood on this issue are substantially similar to those raised by Appellant Emily Newman in her brief. (Case No. 21-1787, Dkt. 17). Accordingly, the City's response is substantially similar.

election procedures being challenged were managed by the Detroit City Clerk. As the District Court noted, "issues were raised by Plaintiffs' attorneys that specifically concerned only the City." (Id.). The District Court further found that the hours billed by the City were "unsurprising and not excessive given the complexity of the issues involved in this matter, the quality of the briefing and arguments presented, and the significance of this litigation to our democracy." (Id.). The District Court also found that the time incurred by the City's counsel preparing for the hearing was reasonable where "[c]ounsel for the City presented most of the arguments on behalf of [the Defendants] during oral argument and responded to numerous issues raised." (Opinion Regarding Fees, RE 179, PageID # 7159-7160).

Finally, Mr. Wood, once again, argues that a joint and several award is improper because the District Court "never considered the individual actions of the attorneys." Wood Brief, RE 18, PageID # 60 (Case No. 21-1785). But this Court has held that where a district court found that a law firm and that firm's client were jointly responsible for sanctionable conduct, attorney fees may be assessed against them jointly and severally. *Dearborn Street Bldg. Associates, LLC v. Huntington Nat. Bank*, 411 Fed. App'x 847, 852 (6th Cir. 2011). As other circuits have held, the same logic applies to lawyers jointly responsible for sanctionable conduct. *See In re Kunstler*, 914 F.2d 505, 525 (4th Cir. 1990) (affirming sanction of joint and several

liability for attorney fees against attorneys who violated Rule 11); *In re Safeco Ins. Policy ex rel. Skinner*, 96 F. App'x 654, 655-656 (10th Cir. 2004) (same).

## **CONCLUSION** [20]

This is no ordinary case. These nine lawyers working together manipulated the federal judicial system to advance the Big Lie. The City railed against the threat posed by these unfounded allegations in its Rule 11 Motion, filed in January, 2021:

> Plaintiffs and their counsel understood that the mere filing of a suit (no matter how frivolous) could, without any evidence, raise doubts in the minds of millions of Americans about the legitimacy of the 2020 presidential election. (City's Rule 11 Motion, RE 78, PageID # 3618).

This lawsuit was one component of a broader plan to undermine the presidential electoral process. On January 6, 2021, just one day after the filing of the City's Rule 11 Motion, the devastating consequences of these false claims were visited on our nation. As the City argued the day before the Capitol Insurrection:

> The extent of the factual and legal errors in the Complaint would warrant sanctions under any circumstances, but here the Court's processes are being perverted to undermine our democracy and to upset the peaceful transition of power. [These] attorneys deserve the harshest sanctions this Court is empowered to order. (City's Rule 11 Motion, RE 78, PageID # 3634-3635).

The City of Detroit respectfully asks this Court to affirm the sanctions ordered by the District Court.

---

[20] Because of the common issues in these four appeals, the City of Detroit's Conclusion is the same for each matter.

34

Respectfully submitted,

**FINK BRESSACK**

/s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Attorneys for the City of Detroit
38500 Woodward Ave.; Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Defendant-Appellee's Brief on Appeal was produced in Microsoft Word, 14 point, Times New Roman font and contains 8,389 words, thereby complying with the limitations set forth in Fed. R. App. P. 32(a)(7)(B).

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which sent electronic notification of such filing to all counsel of record.

FINK BRESSACK

By: _/s/ Nathan J. Fink_____
      Nathan J. Fink (P75185)
      38500 Woodward Ave., Suite 350
      Bloomfield Hills, Michigan 48304
      Tel: 248.971.2500
      nfink@finkbressack.com

# ADDENDUM

## Designation of Relevant District Court Documents

| RE | Description of Document | Page ID # |
|---|---|---|
| 1 | Complaint, Case No. 2:20-cv-13134 | 1-75 |
| 5 | City's Motion to Intervene | 840-857 |
| 6 | Amended Complaint, Case No. 2:20-cv-13134 | 872-957 |
| 7 | Plaintiffs' Injunction Motion | 1832-1849 |
| 28 | Order Granting Motions to Intervene | 2142-2147 |
| 38 | Davis Answer to Plaintiffs' Complaint | 2751-2807 |
| 39 | City's Response to Injunction Motion | 2808-2852 |
| 62 | Opinion denying Injunction Motion | 3295-3330 |
| 64 | Plaintiffs' Notice of Appeal | 3332 |
| 69 | Davis Motion for Sanctions | 3338-3349 |
| 70 | State Defendants' Motion to Dismiss | 3350-3428 |
| 72 | DNC and MDP Motion to Dismiss | 3433-3465 |
| 73 | City's Motion to Dismiss | 3544-3580 |
| 74 | Plaintiffs' Motion to Extend Time as to Davis | 3597-3599 |
| 76 | Order Granting Motion to Extend Time | 3610-3611 |
| 78 | City's Rule 11 Motion | 3616-3671 |
| 82 | Plaintiffs' Motion to Extend Time as to Motions to Dismiss | 3857-3864 |
| 86-91 | Plaintiffs' Notices of Voluntary Dismissal | 4030-4047 |

| 92 | Plaintiffs' Motion for Voluntary Dismissal as to Davis | 4048-4053 |
|---|---|---|
| 105 | State Defendants' Sanction Motion | 4334-4378 |
| 147 | Notice of Hearing | 5262-5263 |
| 149 | Pre-Hearing Order | 5265-5268 |
| 150 | Order for Supplemental Briefing | 5269 |
| 157 | Sanctions Hearing Transcript | 5303-5535 |
| 161-3 | City's Rule 11 Notice | 6058-67 |
| 172 | Sanctions Opinion | 6890-6999 |
| 179 | Order Regarding Monetary Sanctions | 7142-7168 |
| 180 | Judgment | 7169-7170 |
| 181 | L. Lin Wood Notice of Appeal | 7171-7173 |