---

**Case No. 21-1785**

---

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**TIMOTHY KING, et al.,**

*Plaintiffs*,

and

**L. LIN WOOD,**
**Interested Party – Appellant**

v.

**GRETCHEN WHITMER; JOCELYN BENSON; CITY OF DETROIT, MI,**
*Defendants – Appellees*

**On Appeal from the Eastern District of Michigan**
**at Detroit, Case No. 2:20-cv-13134**

**REPLY BRIEF OF APPELLANT L. LIN WOOD**

---

Paul J. Stablein
Paul Stablein, PLLC
33 Bloomfield Hills Parkway, Suite 242
Bloomfield Hills, Michigan 48304
Telephone: (248) 540-1600
Facsimile: (248) 642-7878
Email: PaulStablein@StableinLaw.com
*Attorney for Appellant L. Lin Wood*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..........................................................................ii

ARGUMENT ....................................................................................................3

   A.  The City of Detroit Points to No Evidence to Show that Mr. Wood Did Any of the Presenting Acts under Rule 11(b) .......................................................3

   B.  There Was No Evidence to Find Mr. Wood "Responsible" under Rule 11(c)(1).............................................................................................................7

   C.  The Trial Court Abused Its Discretion in Awarding Sanctions under 28 U.S.C. §1927.......................................................................................................9

   D.  Sanctions under the Court's Inherent Authority Should Not Be Awarded Because of the Existence of Rule 11 and Because of the Absence of Any Misconduct.............................................................................................13

   E.  The Trial Court Abused its Discretion By Failing to Analyze Each Attorney Individually ............................................................................................15

   F.  Any Relief in Favor of the State Defendants Against Mr. Wood Should be Reversed...................................................................................................17

   G.  The Trial Court Abused its Discretion in The Nature of Sanctions Assessed ..................................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*BDT Prods., Inc. v. Lexmark Intern, Inc.*, 602 F.3d 742 (6th Cir. 2010) ................15

*Chambers v NASCO, Inc.*, 501 U.S. 32 (1991) .......................................................13

*In re Ruben*, 825 F.2d 977 (6th Cir. 1997) .............................................................16

*Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996) .....7

*Morris v. Wachovia Sec., Inc.*, No. CIV.A. 3:02CV797, 2007 WL 2126344 (E.D. Va. July 20, 2007) ...............................................................................................7, 8

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642 (6th Cir. 2006) ......................................................................................................................11

*Ridder v City of Springfield*, 109 F.3d 288 (6th Cir. 1997) ...................................10

*Salkil v. Mount Sterling Twp. Police Dep't,* 458 F.3d 520 (6th Cir. 2006) .............10

*United States v Aleo*, 681 F.3d 290 (6th Cir. 2012) ...............................................13

**Statutes**

28 U.S.C. §1927 ...............................................................................................9, 10

**Rules**

Fed. R. Civ. P. 11(b).................................................................................................3

*Introduction*

The City of Detroit (the City) took the same tack as the trial court in its responsive brief, which is the same argument it made in the trial court. The City paints all of the nine attorneys whose names happened to appear on the pleadings as one entity, thereby subjecting all of the attorneys to sanctions, disregarding the fact that no evidence was presented in the lower court that Mr. Wood, individually, knowingly signed, filed, submitted or later advocated for the offensive pleadings. Despite plainly differing roles and levels of involvement between the various counsel, the City attempted to attribute the actions of each attorney to every other one, and thereby avoided the analysis of the relevant standard as to each attorney. The City took this approach likely for the same reason the State of Michigan Appellees chose *not* to file an appellee brief opposing Mr. Wood's appeal - when considered under the standards of Rule 11, § 1927, or the inherent authority of the court, no evidence was presented in the trial court to warrant any sanctions.

The first line of the City's brief contains the ultimate unsupported statement: the "appeal arises out of the frivolous pleadings filed by L. Lin Wood." (The City's Brief on Appeal, Doc. #29, p. 4.) No evidence existed in the trial court from which to conclude Mr. Wood filed any pleadings in this case. The trial court never found that he did. The City points to no evidence in the trial court to support the claim. The City's brief thereafter repeatedly refers to "Plaintiffs' counsel" in general as

those responsible for undertaking the actions it complains of, attributing those actions to Mr. Wood when no evidence existed to establish that *he* did.

The City makes the sweeping statement that "Wood was deeply involved in and fully aware of this litigation."  (The City's Brief on Appeal, Doc. # 29, p. 13). Though it is clear from the record in the trial court that Mr. Wood was not deeply involved in the litigation in Michigan, his protestations to the contrary are given short shrift by the trial court and the City.  The City argues Mr. Wood was not entitled to an evidentiary hearing simply because he attended one hearing, accomplished via video conferencing software, where he was represented by the same attorney who represented all of the attorneys who admittedly drafted, filed, and later took responsibility for the complaint and amended complaint.  That hearing was clearly insufficient for the purpose of defending the allegations in the City's motions.  As to the allegation that Mr. Wood was "fully aware of this litigation," his awareness of its existence cannot equate to liability for its content.  Mr. Wood may have exercised his right to speak publicly his support for the former president's pursuit of legal challenges to the 2020 election, but his exercise of his First Amendment right cannot form the basis for seeking his disbarment and imposing financial sanctions in excess of $170,000.00.

## ARGUMENT

A.  **The City of Detroit Points to No Evidence to Show that Mr. Wood Did Any of the Presenting Acts under Rule 11(b)**

The scope of Rule 11(b) is straightforward – an attorney must have presented a pleading or motion to the court "by signing, filing, submitting, or later advocating it." Fed. R. Civ. P. 11(b).  The trial court improperly found that requirement was met for Mr. Wood when it concluded, he "was aware of this lawsuit when it was filed, was aware that he was identified as co-counsel for Plaintiffs, and as a result, shares the responsibility with the other lawyers for any sanctionable conduct." (Opinion, R. 172, PageID.6923).

The City sets forth nine bullet points it claims establish he was "deeply involved" in the lower court litigation, none of which establish a violation of Rule 11(b).  (The City's Brief on Appeal, Doc. # 29, p. 13).  The first two points assign liability simply because a "signature block" appears on the complaint and amended complaint bearing Mr. Wood's name and the words "of counsel" further up the page. As was pointed out extensively below, the block does not bear any signature, electronic or otherwise, does not have Mr. Wood's correct address (the zip code is wrong), and contains no email address.  According to the policy and procedure rules of the Eastern District of Michigan, a signature block must contain, among other items, the name of the filer "represented by s/ or /s/" and the filer's primary email address.  (Mr. Wood's Response to Rule 11 Motion, R. 162, PageID.6114).  The

signature blocks here contain none of those requirements, and the incorrect zip code only serves to highlight the fact that Mr. Wood did not author it or review it.

The City alleges on page 13 that Mr. Wood admitted in the lower court that he did not object to his name being included on the pleadings. That statement is misleading. The full statement of Mr. Wood from the transcript of the hearing makes clear that he was never asked if the drafters could include his name. The transcript reads:

> MR. WOOD: I didn't object to it, but I did not know – I actually did not know at the time that my name was going to be included, but I certainly told Ms. Powell in discussions that I would help her if she needed me in any of these cases, and in this particular matter apparently I was never needed so I didn't have anything to do with it.
> THE COURT: Did you read it before it was filed, Mr. Wood, or are you saying you had no knowledge?
> MR. WOOD: I had no notice.
> THE COURT: Right.
> MR. WOOD: I didn't have any involvement in the filing so I did not read it before it was filed. It was only afterwards when I found out my name was even on there.
>   So I just -- you know, I haven't received a motion for sanctions. I didn't get served with anything. I'm just I'm here because your Honor warned me to be here, but I'm here subject to my defense that I just don't think there's any personal jurisdiction over me because I didn't do anything in Michigan. I didn't do anything with respect to this lawsuit.
> THE COURT: But you did --
> MR. WOOD: I didn't put my name --
> THE COURT: -- but you gave a general --
> MR. WOOD: No, I didn't –
> THE COURT: Hold on. So that I can properly characterize your testimony. You gave general permission to Ms. Powell to use your name on any pleading that -- what? Finish that sentence or restate it if I'm wrong.

MR. WOOD:        I didn't give permission for my name specifically to be on any pleading. I told Sidney, when she asked, if she needed my help, I would help her from a trial lawyer standpoint. That's it. (Transcript, R. 157, PageID.5361-2).

Clearly, Mr. Wood did not object, because he was never asked.

Further on page 13, the City misquotes a social media post made by Mr. Wood on December 15, 2020, claiming Mr. Wood stated "*he* was 'over the target and the enemy is runningscared (sic)!'" (The City's Brief, Doc #29, p. 21) (Emphasis supplied.)  The correct quote was "you know *you* are over the target…"  Mr. Wood's public support for the lawsuit, from the sidelines, cannot subject him to sanctions unless the movants can point to evidence Mr. Wood signed, filed, submitted, or later advocated on behalf of the plaintiffs' complaint.  No evidence exists, because he clearly did not.

On page 14 (The City's Brief, Doc. # 29, p. 22), the City states that another social media post by Mr. Wood somehow implicates him in the filing of the underlying lawsuit, when he said it was "unfair" for the City to seek sanctions against him.  However, the City again leaves out the entirety of the post, which was that it was unfair because he had only been to Detroit one time to take depositions for a defamation case he had handled.  (The City's Supplemental Brief in Support of Sanctions, R. 164-7, PageID.6426).

Although the City alleges that Mr. Wood actually filed pleadings, in its argument section, starting at page 20, it abandons that narrative.  Instead, the City

argues that Mr. Wood "participated in the submission of sanctionable documents to the trial court by allowing his name to be included on the offending documents." (The City's Brief on Appeal, Doc. #29, p. 28).   Relying on a dictionary definition of "submit," the City argues:

> "Submit" is defined as "to present or propose to another for review, consideration, or decision[,]" effectively rendering it a synonym for "present." While Mr. Wood offers several arguments on this point, she cannot argue that "submitting," as used in Rule 11(b), excludes the act of including one's signature block on an offending document.  And he cites no authority for the proposition that an attorney's affirmative act of placing his signature block on an offending document does not constitute submission under Rule 11(b).

(*Id.* at 28-29).

The City of Detroit does not explain how its chosen definition of "submit" is met by the actions of Mr. Wood.  Under that definition, with regard to the Complaint or First Amended Complaint, Mr. Wood would have had to "present or propose [it] to another for review."  For Rule 11, the "another" must be the court.  The record is undisputed that Mr. Wood did not present, propose, or in any way submit any pleading or other document to the trial court.  Even if the evidence suggested that Mr. Wood allowed his name to be attached to the pleadings, allowing his name to be placed on a pleading does nothing to present it or submit it to the court.  Filing certainly does, but Mr. Wood did not file the Complaint, First Amended Complaint, or any other document.

The "presenting" requirement in Rule 11(b) is expressly limited to signing, filing, submitting or later advocating a previously filed document. By erroneously applying Rule 11(b), and specifically by not limiting "presenting" to what is stated in the rule, the trial court committed an error of law. This constitutes an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2048, 135 L. Ed. 2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law.")

### B.    There Was No Evidence to Find Mr. Wood "Responsible" under Rule 11(c)(1)

The trial court focused its conclusions on the City's complaint that Mr. Wood *did* know his name was on the pleadings (though he did not) and sanctioned Mr. Wood under the "responsible" clause of Rule 11(c)(1) because his name appeared on the two complaints, and he shared "the responsibility with the other lawyers." (Opinion, R. 172, PageID.6923). The trial court cited a single case for the proposition that "an attorney who is knowingly listed as counsel on a pleading, written motion, or other paper" is deemed responsible under Rule 11(c)(1). (Opinion, R. 172, PageID.6915). The case cited by the trial court for that proposition is *Morris v. Wachovia Sec., Inc.*, No. CIV.A. 3:02CV797, 2007 WL 2126344, at *9 (E.D. Va. July 20, 2007).

In his initial brief, Mr. Wood explained at length that the court in *Morris v Wachovia* did not state or imply that an attorney whose name is on a pleading is "responsible" for the pleading under Rule 11(c)(1), which is the proposition for which the trial court cited that case. (Mr. Wood's Brief on Appeal, Doc. #18, pp. 27-29.) In fact, the sanctioned attorney in that case, Schulman, was found **not** responsible under Rule 11(c)(1) in *Morris v Wachovia, supra,* even though his name appeared as "counsel of record" on a summary judgment brief that was found to violate Rule 11. *Morris*, at *11-12. For the other Rule 11 violation, Schulman was found responsible under Rule 11(c)(1) for how claims were pled because of his "responsibility for overall strategic decisions and overall management of the case." *Id.*

The City of Detroit does little to help the trial court's use of that case, admitting that *Morris v Wachovia* means that "a lawyer may be sanctioned for that lawyer's part in causing a Rule 11 violation, regardless of whether that lawyer presents a document to the court." (The City's Brief on Appeal, Doc. #29, p. 22). The factual record below is devoid of any evidence that Mr. Wood was lead counsel or counsel of record (in the case or on any filing), supervised the sanctioned filings, drafted the complaints, or dictated strategy. The City offers no theory as to how Mr. Wood caused the Complaint and First Amended Complaint to be filed. Therefore,

a finding of responsibility could not be made even under the City's interpretation of *Morris v. Wachovia*.

The City has nothing to show that Mr. Wood could be sanctioned under Rule 11. The State of Michigan Defendants appear to realize that conclusion and, for that reason, chose not to file an appeal brief. In contrast, the City resorts to misleading statements, misquotes and omissions. When Mr. Wood's actual conduct is properly considered under Rule 11, it is clear he should not have been sanctioned.

### C.   The Trial Court Abused Its Discretion in Awarding Sanctions under 28 U.S.C. §1927

The trial court imposed sanctions under §1927 because the case was not dismissed immediately after December 14, 2020, when Michigan's electors were cast and instead dismissal did not occur until January 14, 2021:

> Plaintiffs' counsel multiplied proceedings by failing to dismiss the case when their claims became moot on December 14 (if not earlier) and by pursuing their legal claims even after the Court issued its opinion [on December 7] clearly informing Plaintiffs and their counsel that their legal claims were weak and lacked factual support.

(Opinion, R. 172, PageID.6938-6939). At the July 12, 2021, hearing, the trial court asked why the matter was not dismissed after December 14, 2020. (Transcript, R. 157, PageID.5345). Counsel for Howard Kleinhendler and Sidney Powell informed the Court that those two attorneys decided against dismissal based on issues that they believed remain to be litigated. (*Id.*, PageID.5347).

9

Nonetheless, the trial court sanctioned Mr. Wood under §1927 for the same reason he was sanctioned under Rule 11, which was that his name appeared as "of counsel" on the Complaint filed on November 25 and Amended Complaint filed on November 29:

> Although the issue of whether non-signing attorneys can be sanctioned is discussed in this Rule 11 section, the Court concludes for the same reasons that they can be sanctioned under §1927 and the Court's inherent authority, as well. The same is true for Wood, Newman, and Rohl, who are discussed in the next subsections.

(Opinion, R. 172, PageID.6917, n. 15). In the referenced "next subsections," the trial court justified sanctions against Mr. Wood based only on his name being listed on the two Complaints. (*Id.*, PageID.6923).

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. To be sanctioned under Section 1927, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court." *Salkil v. Mount Sterling Twp. Police Dep't,* 458 F.3d 520, 532 (6th Cir. 2006) (quoting *Ridder v City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)). And to be sanctionable, the subject conduct must

"cause additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir. 2006).  Mr. Wood's conduct did not satisfy either requirement for sanctions under § 1927.

The only conduct of Mr. Wood cited by the trial court was that his name appeared on pleadings filed on November 25 and 29, 2020 and that he did not dismiss the case after December 14.  The appearance of his name on the Complaint and Amended Complaint in late November 2020 had no bearing on whether the case could or should be dismissed after December 14, 2020.  And, as to Mr. Wood dismissing the case after December 14, 2020, or at any point in time, the trial court record contains no evidence that Mr. Wood had such authority because he never filed an appearance, was not admitted in the trial court, and had no decision making or other authority over the course of the litigation.  He could not have dismissed the case.  The attorneys who did, Powell and Kleinhendler, informed the Court that they decided against dismissal based on issues that they believed remained to be litigated.  (Transcript, R. 157, PageID.5347).  In addition, causation is a requirement for sanctions under § 1927.  However, there was no explanation in the trial court or by the City as to how Mr. Wood caused anything.

The City attempts to save the trial court's ruling by arguing:

by placing his name on the offending document, Mr. Wood was responsible for violating § 1927.  Furthermore, after authorizing inclusion of his signature block, Mr. Wood could have withdrawn from

representation or sought dismissal of the frivolous claims; he did neither.

(The City's Brief on Appeal, Doc. #29, p. 32). There is no signature block anywhere in any pleading in the trial court for Wood. His name appears on the Complaint and First Amended Complaint but there is no signature for him, electronic or otherwise, so it is a considerable distortion of the facts for the City to argue that Mr. Wood's "signature block" appears on the filings. The trial court itself acknowledges that Mr. Wood did not sign the complaints and even characterizes him as a "non-signing attorney." (Opinion, R. 172, PageID.6917, n. 15). Nevertheless, not deterred by the actual facts, the City throughout its brief repeatedly refers to a non-existent signature block for Mr. Wood.

More importantly, sanctions under § 1927 are imposed against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." The City never explains how the multiplication of proceedings occurred with Mr. Wood's name appearing on the initiating complaint and the amended complaint filed four days later, especially given that the pleadings were signed and filed by others and on a tight schedule.

The City also argues "Mr. Wood could have withdrawn from representation." (The City's Brief on Appeal, Doc. #29, p. 32). However, it does not explain how that could have happened since he never filed an appearance from which to withdraw, or, if he had, how a withdrawal by him would have led to the dismissal of

any claim.  The City also argues that Mr. Wood could have sought dismissal.  (*Id.* at p. 32).  The factual record is that Mr. Wood was not in control of the litigation and could not have "sought dismissal" from anyone or done anything that would have led to a dismissal.

### D.  Sanctions under the Court's Inherent Authority Should Not Be Awarded Because of the Existence of Rule 11 and Because of the Absence of Any Misconduct

The trial court's basis for sanctioning Mr. Wood was the appearance of his name on the Complaint and First Amended Complaint.  (Opinion, R. 172, PageID.6917, n. 15.).  As explained at length in his initial brief, under *Chambers v NASCO, Inc.*, 501 U.S. 32 (1991) and *United States v Aleo*, 681 F.3d 290 (6th Cir. 2012) (Judge Sutton, concurring), the trial court erred because it should not have considered its inherent authority for sanctions and instead should have relied only on Rule 11 because that rule specifically addresses sanctions for pleadings.

The City characterizes the reasoning of Judge Sutton in *Aleo* as follows: "Judge Sutton explained that it would be improper for a court to use its inherent authority to circumvent the procedural requirements of Rule 11."  (The City's Brief on Appeal, Doc #29, p. 35).  But Judge Sutton's concurrence in *Aleo* was not based on procedural concerns; it was based on an overriding substantive concern about sanctioning an attorney for "practices exempted by a Rule or that fall short of

13

meeting a Rule's standard for sanctionable conduct."  681 F.3d at 307-308.  The same substantive concerns raised by Judge Sutton in *Aleo* were also relied on by the six other cases cited by Mr. Wood in his opening brief, including four from other circuit courts of appeal.  The City admits, "Some of the cases cited by Mr. Wood hold that a court may not impose inherent authority sanctions as a matter of law where the conduct could be sanctions under the Rules or by statute."  (The City's Brief on Appeal, Doc. #29, p. 35, n. 14).  For the two cases that the City tries to distinguish, *Animal Welfare* and *Kenyon*, each expressly stated that a court should not resort to inherent power sanctions when rule-based sanctions were applicable.

Mr. Wood could not have been sanctioned by the authority applicable to the filing of pleadings because his actions did not satisfy the presenting requirement of Rule 11, and he could not be sanctioned under § 1927 because he did nothing in the litigation to multiply the proceedings.  Having no basis to sanction Mr. Wood under the authority that governs the conduct at issue (Rule 11 for the filing of pleadings and § 1927 for multiplying proceedings) is why the trial court cannot resort to its inherent authority to achieve a result that Rule 11 and § 1927 do not allow.

Even if considered under the Court's inherent authority, the standard is high: the "mere fact that an action is without merit does not amount to bad faith" and a "court must find **something more** than that a party knowingly pursued a meritless

14

claim or action at any stage of the proceedings." *BDT Prods., Inc. v. Lexmark Intern, Inc.*, 602 F.3d 742, 753-754 (6th Cir. 2010) (emphasis in original).

Sanctions under the trial court's inherent authority was assessed based on the filing of the Complaint and First Amended Complaint and the failure to dismiss the case after December 14, 2020. No evidence was demonstrated below that Mr. Wood drafted either Complaint nor that he signed or filed either. There was nothing in the factual record showing that he did anything to advance either pleading or the claims set forth in them. No record demonstrates that Mr. Wood had any control or management over the litigation, and the City does not dispute it. In addition to improperly relying on its inherent authority given the applicability of Rule 11, it was also an abuse of discretion by the trial court to sanction Mr. Wood on this authority given the absence of any act of bad faith or misconduct by him.

### E.    The Trial Court Abused its Discretion By Failing to Analyze Each Attorney Individually

The City admits that the trial court never evaluated each attorney's conduct but argued that the trial court was not legally required to do so:

> Mr. Wood cites no authority for the proposition that, when a group of lawyers participate jointly in sanctionable conduct they cannot be sanctioned without detailed findings as to each lawyer's relative level of responsibility for the violation.

(The City's Brief on Appeal, Doc. #29, p. 36). But Mr. Wood did cite such authority -- *In re Ruben*, 825 F.2d 977 (6th Cir. 1997). In that case, this court reversed an award of sanctions under Rule 11 and § 1927 because the trial court erred in not focusing specifically on what each attorney did and the particular impact of their individual actions. *Id.* at 990. The trial court erred in that case because it "did not analyze the impact upon defendants of discrete acts of claimed misconduct" and "the extent to which [attorney] Ruben's misfeasance, if any, caused defendants to incur additional expenses should be explored." *Id.* at 990. The same circumstance existed in this case in the trial court. The trial court repeatedly grouped the attorneys together, held all liable for each other's conduct, and never analyzed their individual conduct and what additional expense that conduct caused, if anything.

The City attempts to distinguish *In re Ruben* by arguing that it involved an attorney who had "entered the case after it was instituted." (The City's Brief on Appeal, Doc. #29, p. 37). Factually, the statement is correct, and the significance of that fact is that it meant that many attorneys had different involvement in the litigation. However, the same situation exists here, where many attorneys had differing levels of involvement. In particular, the record below demonstrates that Mr. Wood never filed an appearance and had no role in filing, drafting, case oversight, or decision-making. Even if it is difficult to do so, as this Court noted in

16

*In re Ruben* might be the case, "[c]areful analysis and discrete findings are required, no matter how exasperating the case." *Id.* at 991.

### F.     Any Relief in Favor of the State Defendants Against Mr. Wood Should be Reversed.

Mr. Wood has requested a reversal of any relief in favor of the State of Michigan Defendants-Appellees because they did not request sanctions against Mr. Wood.  (Motion for Sanctions, R. 105, PageID.4348 and PageID.4358).  They have not filed a brief on appeal to contest that request, and the City does not address the issue.  Therefore, the trial court should be reversed as to holding Mr. Wood liable for damages awarded to the State Defendants.

### G.     The Trial Court Abused its Discretion in The Nature of Sanctions Assessed

No sanctions should have been awarded against Mr. Wood, especially those issued by the trial court.  The sanctions chosen by the trial court were drastic and disproportional to the alleged offense.  His name merely appeared on the Complaint and First Amended Complaint, documents, the record is clear, he did not draft or sign and in litigation which he did not direct, manage, or make any appearance until summoned by the trial court.

Instead of discussing the law and factual record as it pertains to Mr. Wood, the City spends far more time arguing for sanctions because the litigation involved

the 2020 presidential election and, they argue, supposedly led to the events of January 6. No lesser standard for sanctions exists merely because the stakes are higher. If anything, given that it involved a presidential election, the trial court should have been more attentive to determining the individual conduct of the nine attorneys and evaluating the effect of that conduct.

Respectfully submitted,

/s/Paul Stablein
Paul Stablein
Attorney for Interested Party-Appellant
L. Lin Wood

Dated:        August 1, 2022

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Appellate Procedure 32(a)(7)(B)(ii), I certify that this brief is written in a proportionately spaced, 14-point Times New Roman font, and contains 4,446 words, exclusive of the material not counted under Federal Rule of Appellate Procedure 32(f).

/s/Paul Stablein
Paul Stablein
Attorney for L. Lin Wood

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record through the Court's ECF system on August 1, 2022.

/s/Paul Stablein
Paul Stablein
Attorney for L. Lin Wood